# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2526 | **DATE** | June 24, 2011 |
| **CASE TITLE** | Bennie K. Ellison (R00575) v. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT**

The Court vacates its May 9, 2011 order. The Court denies plaintiff's motion for leave to proceed *in forma pauperis* [# 3] pursuant to 28 U.S.C. § 1915(g) and summarily dismisses plaintiff's complaint with prejudice, due to plaintiff's failure to advise the Court that he had "struck out." *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). The case is terminated. Plaintiff is obligated to pay the full filing fee. 28 U.S.C. 1915(b)(1).

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    *Pro se* plaintiff Bennie K. Ellison filed this lawsuit pursuant to 42 U.S.C. 1983, asserting constitutional claims arising from his criminal prosecution. He previously requested leave to proceed *in forma pauperis*. On May 9, 2011, the Court denied the motion for leave to proceed *in forma pauperis* and directed plaintiff to submit an *in forma pauperis* motion that properly included his trust fund account information. The Court has subsequently ascertained, however, that plaintiff has already "struck out" and had been warned by another judge of this Court that he could not bring a suit and request IFP status after having three "strikes". Plaintiff failed, however, to inform the Court of this when he filed the present case and his motion for leave to proceed *in forma pauperis*. Plaintiff does not allege in the present complaint that he is "under imminent danger of serious physical injury," 28 U.S.C. § 1915(g), nor could he, because his claims arise from his criminal prosecution. Thus, pursuant to *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999), this Court finds that plaintiff has attempted to commit a fraud on the Court and determines that this lawsuit must be immediately dismissed.

    The PLRA, enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    Before filing this law suit on April 14, 2011, plaintiff had already accumulated at least three "strikes" under § 1915(g). *See Ellison v. Illinois*, No. 07 C 2296 (N.D. Ill. Nov. 9, 2007) (Norgle, J.); *Ellison v. Sheriff of Cook County*, No. 09 C 5438 (N.D. Ill. Feb. 2, 2010) (Kennelly, J.); *Ellison v. United States Judicial Committee of District Court*, No. 11 C 1764 (N.D. Ill. Mar. 22, 2011) (Manning, J.). Judge Manning's order in the No. 11 C 1764 case advised plaintiff that he would not be able to bring a case IFP after obtaining three strikes.

| STATEMENT |
|---|
|     Despite this, plaintiff filed the present lawsuit without disclosing any of his prior strikes. Plaintiff's actions of moving to proceed *in forma pauperis* without informing the Court of his prior three strikes constitutes an attempted fraud upon this Court. Plaintiff's complaint is dismissed with prejudice, and this case is terminated pursuant to *Sloan*. 181 F.3d at 859. Plaintiff remains obligated to pay the full filing fee. *See* 28 U.S.C. §1915(b)(1); *Sloan*, 181 F.3d at 859. |